# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| | ) |
| | ) 4:18-CR-00348   AGF |
| v. | ) |
| | ) |
| **VERNON JOHNSON,** | ) |
| | ) |
| **Defendant.** | ) |

## SENTENCING MEMORANDUM

Defendant, Vernon Johnson, through his counsel, Joseph M. Hogan, respectfully submits this memorandum to assist this Court in fashioning a sentence that is "sufficient, but not greater than necessary" to achieve the statutory objectives of punishment. 18 U.S.C. § 3553(a). Mr. Johnson respectfully requests that, pursuant to the guilty plea agreement, this Honorable Court impose a sentence of one-hundred and sixty-five (165) months imprisonment.

As Congress and the Supreme Court acknowledge, this Court is charged with the responsibility of evaluating Mr. Johnson as an individual in crafting an appropriate sentence that is particularly tailored to him. *See Koon v. United States*, 518 U.S. 81, 113 (1996) ("It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue"); *see also* 18 U.S.C. § 3553(a)(1) ("The court…shall consider…the history and characteristics of the defendant").

**Legal Standard**

Congress has mandated that the sentence imposed in this case be "sufficient, but not greater

than necessary" to achieve the objectives of punishment. 18 U.S.C. § 3553(a). The United States Sentencing Guidelines, while advisory, "are no longer mandatory." *United States v. Ture*, 450 F.3d 352, 356 (8th Cir. 2006); *see also United States v. Booker*, 543 U.S. 220, 224 (2005).

As the United States Court of Appeals for the Eighth Circuit has established, the methodology this Court should follow post-*Booker* is the following:

> In sentencing a defendant, a district court must first determine the advisory sentencing range as recommended by the Guidelines . . .. Next, the district court should decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range . . .. The term "departure" is "a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines" . . .. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a "final advisory Guidelines sentencing range" . . .. Finally, in determining the actual sentence that should be imposed, a district court must consider whether the factors in 18 U.S.C. § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range . . .. As opposed to a "departure," a "variance" refers to a "non-Guidelines sentence" based on the factors enumerated in Section 3553(a).

*United States v. Lozoya,* 623 F.3d 624, 625-26 (8th Cir. 2010) (citations omitted).

**Guidelines**

Vernon Johnson concurs with the Guidelines computations contained within the PSR. Specifically, the base offense level is 24 under USSG. § 2K2.1. A 4 level enhancement is added under USSG §2K2.1(b)(6)(B), because the offense involved the possession of a firearm in connection with another felony offense. A 2 level enhancement is added under USSG §3C1.2 because a substantial risk of death or serious bodily injury to another person occurred. And a 3-level decrease applies because Mr. Johnson clearly demonstrated acceptance of responsibility by entering a guilty plea pursuant to U.S.S.G. § 3E1.1(a), which results in a total offense level of 27.

Mr. Johnson falls into criminal history category VI with a total criminal history score of 13. Pursuant to the plea agreement, the parties agreed to make a joint recommendation for a sentence of 105 months on Count One to run consecutively to 60 months on Count Two for a total

18

of 165 months.

**Factors that may warrant a sentence outside the Guidelines**

As a matter of law, this Court must not presume the Guideline range reasonable, but must make an individual assessment of the 18 U.S.C. § 3553(a) factors based on all the facts presented. *Gall v. United States*, 552 U.S. 38, 50 (2007).  When applying those factors to Mr. Johnson's case, Counsel directs the Court's attention to paragraph 64, 66, 67, 68, 69 & 110 of the Presentence Investigation Report and asks the Court to consider the following:

Vernon Johnson was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD) when he was 8 years old and was prescribed Ritalin.  He was living with his mother after his parents divorced. He continued his Ritalin prescription until he was 17 years old. During his teenage years, Vernon transitioned from prescription medication to illegal substances. He began drinking alcohol and smoking marijuana at the age of 15. He used cocaine at 18 and ecstasy at 19 years of age. He also abused Xanax, methamphetamine, heroin, whippets and Percocet. He served 120 days in the Missouri Department of Corrections' Institutional Treatment Program in 2008 and completed another 84 day drug program in 2013.  While on probation/parole Vernon tested positive for cocaine and opiates. The Presentence Investigation Report states that he may benefit from placement in the Residential Drug Abuse Program (RDAP) while incarcerated.

Wherefore, the Defendant respectfully requests a sentence of one-hundred and sixty-five (165) months imprisonment.

18

Respectfully submitted,

*/S/ Joseph M. Hogan*
Joseph M. Hogan, 47008MO
ATTORNEY FOR DEFENDANT
7751 Carondelet, Suite 700
Clayton, MO 63105
Telephone: (314) 863-9898
jmhogan4090@sbcglobal.net

### Certificate of Service

I hereby certify that the foregoing was filed electronically on December 4th 2020, with the Clerk of the Court through the Court's CM/ECF system, which will send notice of this filing to all counsel of record.

*/S/ Joseph M. Hogan*